UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES CAMPBELL,

                              Plaintiff,

                -AGAINST-

CITY OF NEW YORK; DETECTIVE JAMES OUELELETTE, SHIELD NO. 6852, DETECTIVE GARY SCOLLARD, SHIELD NO. 7804, FIELD INTELLIGENCE OFFICER SINAN CAGIRICI SHIELD NO. 18239, POLICE OFFICER JOHN PAUL VINCULADO SHIELD NO. 00936, DETECTIVE KAI ESTWICK, SHIELD NO. 02592, SERGEANT ROBIN CASTILLO SHIELD NO. 00956, SERGEANT SCOTT ANDERS, JOHN AND JANE DOE 1 THROUGH 10, INDIVIDUALLY (THE NAMES JOHN AND JANE DOE BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN)

                              Defendants.

**ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DETECTIVE JAMES OUELLETTE, DETECTIVE GARY SCOLLARD, POLICE OFFICER SINAN CAGIRICI, DETECTIVE PAUL VINCULADO, DETECTIVE KAI ESTWICK, AND SERGEANT ROBIN CASTILLO**

19 Civ. 3661 (ALC)

JURY TRIAL DEMAND

------------------------------------------------------------------------ x

        Defendants City of New York ("City"), Detective Ouellette, Detective Scollard, Police Officer Cagirici, Detective Vinculado, Detective Estwick, and Sergeant Castillo, by their attorney, Georgia Pestana, Acting Corporation Counsel of the City of New York, for their answer to the Plaintiff's Complaint ("Complaint"), respectfully allege, upon information and belief, as follows[1]:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint.

---

[1] Upon a review of the Docket Sheet, it appears that service has not been effectuated upon retired Sergeant Scott Anders.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that a document purporting to be a notice of claim was filed.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff filed a supplemental notice of claim, and no settlement has been made.

7. Admit the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint except admit that plaintiff purports to lay venue as stated therein.

9. Paragraph "9" of the Complaint is a demand for jury trial to which no response is required.

10. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph 11" of the complaint, except admit that City is a municipal corporation organized under the laws of the State of New York and that City maintains a police department known as the New York City Police Department ("NYPD") and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of City's responsibilities incident thereof.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that defendant Ouellette is employed by the City of New York as a member of the New York City Police Department ("NYPD") and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD") and its employees, and that plaintiff purports to sue him as stated therein. Defendants further state that allegations concerning "color of law" are legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that defendant Scollard is employed by the City of New York as a member of the New York City Police Department ("NYPD") and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD") and its employees, and that plaintiff purports to sue him as stated therein. Defendants further state that allegations concerning "color of law" are legal conclusions to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that "Anders" was employed by the City of New York as a member of the New York City Police Department ("NYPD") at times relevant to the Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD") and its employees, and that plaintiff purports to sue him as stated therein. Defendants further state that allegations concerning "color of law" are legal conclusions to which no response is required.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that defendant Cagirici is employed by the City of New York as a member of the New

York City Police Department ("NYPD") and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD") and its employees, and that plaintiff purports to sue him as stated therein. Defendants further state that allegations concerning "color of law" are legal conclusions to which no response is required.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that defendant Estwick is employed by the City of New York as a member of the New York City Police Department ("NYPD") and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD") and its employees, and that plaintiff purports to sue him as stated therein. Defendants further state that allegations concerning "color of law" are legal conclusions to which no response is required.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that defendant Castillo is employed by the City of New York as a member of the New York City Police Department ("NYPD") and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD") and its employees, and that plaintiff purports to sue him as stated therein. Defendants further state that allegations concerning "color of law" are legal conclusions to which no response is required.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that defendant Vinculado is employed by the City of New York as a member of the New York City Police Department ("NYPD") and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City

and the New York City Police Department ("NYPD") and its employees, and that plaintiff purports to sue him as stated therein. Defendants further state that allegations concerning "color of law" are legal conclusions to which no response is required.

19. Deny the allegations set forth in paragraph "19" of the Complaint; Officer Morales is not named as a party in this action.

20. Deny the allegations set forth in paragraph "20" of the Complaint; Officer Pinckney is not named as a party in this action.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that on June 26, 2017, at approximately 4:10 p.m., a person was captured on video surveillance entering Westside Jewish Center located at 347 W. 34th Street in Manhattan removing a backpack containing religious items valued at approximately $3,800.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Admit the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "26" of the Complaint.

27. Admit allegations set forth in paragraph "27" of the Complaint.

28. Admit the allegations set forth in paragraph "28" of the Complaint.

29. Admit the allegations set forth in paragraph "29" of the Complaint.

30. Admit the allegations set forth in paragraph "30" of the Complaint.

31. Admit the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that Detective Scollard opened Grand Larceny Pattern Report # 6078 on August 7, 2017.

35. Admit the allegations set forth in paragraph "35" of the Complaint.

36. Admit the allegations set forth in paragraph "36" of the Complaint.

37. Admit the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Admit the allegations set forth in paragraph "41" of the Complaint.

42. Admit the allegations set forth in paragraph "42" of the Complaint.

43. Admit the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "47" of the Complaint.

48. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "50" of the Complaint.

51. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "51" of the Complaint.

52. Admit the allegations set forth in paragraph "53" of the Complaint.

53. Admit the allegations set forth in paragraph "53" of the Complaint.

54. Admit the allegations set forth in paragraph "54" of the Complaint.

55. Admit the allegations set forth in paragraph "55" of the Complaint.

56. Admit the allegations set forth in paragraph "56" of the Complaint.

57. Admit the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "59" of the Complaint.

60. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Admit the allegations set forth in paragraph "62" of the Complaint.

63. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "63" of the Complaint.

64. Admit the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Admit the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Admit the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint, and further state that plaintiff positively identified himself as the individual in the first two photographs he was shown.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that plaintiff began to deny being the individual in the photographs despite initially identifying himself as the person in the photographs.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that plaintiff began to deny being the individual in the photographs despite initially identifying himself as the person in the photographs.

76. Admit the allegations set forth in paragraph "76" of the Complaint.

77. Admit the allegations set forth in paragraph "77" of the Complaint.

78. Admit the allegations set forth in paragraph "78" of the Complaint.

79. Admit the allegations set forth in paragraph "79" of the Complaint.

80. Admit the allegations set forth in paragraph "80" of the Complaint.

81. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint, except admit that plaintiff began to deny being the individual in the photographs despite initially identifying himself as the person in the photographs.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Admit the allegations set forth in paragraph "82" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint, except admit that plaintiff began to deny being the individual in the photographs despite initially identifying himself as the person in the photographs.

87. Admit the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint, except admit that defendant Castillo was the supervisor assigned to the case.

89. Admit the allegations set forth in paragraph "89" of the Complaint.

90. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "90" of the Complaint.

91. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "91" of the Complaint.

92. Admit the allegations set forth in paragraph "92" of the Complaint.

93. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "93" of the Complaint.

94. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "94" of the Complaint.

95. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "95" of the Complaint.

96. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "96" of the Complaint.

97. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "97" of the Complaint.

98. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "98" of the Complaint.

99. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "99" of the Complaint.

100. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "100" of the Complaint.

101. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "101" of the Complaint.

102. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "102" of the Complaint.

103. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "103" of the Complaint.

104. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "104" of the Complaint.

105. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. In response to the allegations set forth in paragraph "110" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of the answer to the complaint, as if fully set forth herein.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint, except admit that plaintiff denied being in the photographs after having initially positively identified himself.

114. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. In response to the allegations set forth in paragraph "119" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of the answer to the complaint, as if fully set forth herein.

120. Paragraph "120" of the Complaint contains legal conclusions concerning "color of law" to which no response is required.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "124" of the Complaint, and further deny knowledge and information sufficient to form a belief as to the criminal prosecution.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. In response to the allegations set forth in paragraph "128" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of the answer to the complaint, as if fully set forth herein.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. In response to the allegations set forth in paragraph "132" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of the answer to the complaint, as if fully set forth herein.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny the allegations set forth in paragraph "135" of the Complaint and refer the Court to the article referenced therein.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. Deny the allegations set forth in paragraph "137" of the Complaint and refer the Court to the cases and article referenced therein.

138. Deny the allegations set forth in paragraph "138" of the Complaint and refer the Court to the article referenced therein.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

143. Deny the allegations set forth in paragraph "143" of the Complaint.

144. In response to the allegations set forth in paragraph "144" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of the answer to the complaint, as if fully set forth herein.

145. Deny the allegations set forth in paragraph "145" of the Complaint.

146. Deny the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "148" of the Complaint.

149. Deny the allegations set forth in paragraph "149" of the Complaint.

150. In response to the allegations set forth in paragraph "144" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of the answer to the complaint, as if fully set forth herein.

151. Deny the allegations set forth in paragraph "151" of the Complaint, and further state that there are no allegations in the Complaint referencing a "Jones."

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. In response to the allegations set forth in paragraph "154" of the Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of the answer to the complaint, as if fully set forth herein.

155. Deny the allegations set forth in paragraph "155" of the Complaint, and further state that Officer Pinckney is not a party to this action.

156. Deny the allegations set forth in paragraph "156" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

157. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

158. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

159. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of the Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

160. Defendants Ouellette, Scollard, Cagirici, Vinculado, Estwick, and Castillo have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore are protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

161. Plaintiff's claims may be barred by the relevant statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

162. Plaintiff's claims may in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

163. There was probable cause for Plaintiff's arrest, detention, and any purported prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

164. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

165. At all times relevant to the acts alleged in the Complaint, Defendants Ouellette, Scollard, Cagirici, Vinculado, Estwick, and Castillo acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

166.    Punitive damages may not be assessed against the City of New York.

**WHEREFORE,** Defendants City, Ouellette, Scollard, Cagirici, Vinculado, Estwick, and Castillo ,request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 13, 2019

>                       Georgia Pestana
>                       Acting Corporation Counsel of the City of New York
>                       *Attorney for Defendants Ouellette, Scollard, Cagirici, Vinculado, Estwick, and Castillo*
>                       100 Church Street Rm. 3-207
>                       New York, NY 10007
>
>                       By:        /s
>                       _____
>                       Omar J. Siddiqi
>                       Senior Counsel